UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALVARO PINEDA

v.                                            CR No. 03-062-T

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER DENYING MOTION
FOR REDUCTION OF SENTENCE

Ernest C. Torres, Senior United States District Judge

Alvaro Pineda has filed a "Motion for Reduction of Sentence in Light of Defendant's Deportable Status." For the reasons hereinafter stated, the motion is denied.

On January 23, 2004, this Court sentenced Pineda to 78 months of imprisonment for conspiracy to distribute and attempted possession with intent to distribute 50 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. Pineda did not appeal and his conviction became final on or about February 13, 2004.

On December 31, 2007 Pineda filed this motion for reduction of sentence, claiming that because he is an alien subject to deportation, he is ineligible for various prison programs, including assignment to a correctional community center (half-way house), which Pineda argues constitutes a violation of his rights to due process and equal protection.

Pineda's motion is denied for the following reasons:

1. This Court lacks jurisdiction to reduce Pineda's sentence. Fed. R. Crim. P. 35(b) permits reduction of sentence only for substantial assistance and only upon motion made by the government within one year of sentencing.

2. Pineda has failed to demonstrate any "extraordinary and compelling reasons" for modifying his sentence pursuant to 18 U.S.C. § 3582(c). The fact that a prisoner subject to an immigration detainer is ineligible for assignment to a half-way house does not amount to a violation of either due process or equal protection. McLean v. Crabtree, 173 F.3d 1176, 1184-86 (9th Cir. 1999). See Franco v. Bureau of Prisons, 207 Fed.Appx. 145, 146 (3d Cir. 2006). In fact, an inmate's ineligibility to participate in various prison programs due to his alien status, ordinarily, is not even a ground for a downward departure. See e.g. United States v. Macedo, 406 F.3d 778, 794 (7th Cir. 2005) (collateral consequences of deportable alien status do not meet requirement that conditions of confinement be "substantially more onerous" than the Guidelines contemplated in fixing punishment for a crime).[1]

---

[1] See also United States v. Lopez-Salas, 266 F.3d 842, 848 (8th Cir. 2001)("[b]eing categorically excluded from receiving early release [due to alien status] is not, by itself, an unusual or atypical factor" justifying downward departure); United States v. Restrepo, 999 F.2d 640, 644 (2d Cir. 1993)(downward departure not warranted due to unavailability of preferred conditions of confinement or possibility of deportation or additional period of detention pending deportation); Minh v. United States, 2006 WL 2444085, *2 n. 3 (S.D.Ga. 2006)(neither an alien's ineligibility for prison programs nor his deportability constitute sufficient grounds for downward departure). Cf. United States v. Reynoso, 336 F.3d 46, 50-51 (1st Cir. 2003) (no jurisdiction to review discretionary denial of downward departure to defendant who, as deportable alien, claimed he was denied access to certain programs, such as a halfway house and work-release, that were available to non-alien prisoners).

-3-

## Conclusion

For all of the foregoing reasons, Pineda's motion for reduction of sentence is hereby denied.

IT IS SO ORDERED:

_____
Ernest C. Torres
Senior United States District Judge
Date:  1/11/09